SUCCESSORS OF SANDERS, PHILIPPI & CO., LTD., PLAINTIFFS AND APPELLEES, *v.* DELGADO, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Aguadilla in an Action of Debt.

No. 1966.—Decided June 19, 1919.

PROMISSORY NOTE—MERCANTILE DOCUMENT.—Promissory notes payable to order are presumed to be mercantile documents arising from mercantile transactions unless the contrary is shown, and that presumption is *prima facie* sustained when the complaint does not set up their origin.

ID.—ENDORSEMENT—CONCLUSION OF LAW.—The endorsement being the act whereby the ownership of a promissory note or other document payable to order is transferred, the allegation that the promissory notes involved in this suit ''were endorsed to the plaintiff partnership'' is not a conclusion of law but the assertion of an act which determines the right of plaintiffs to collect the promissory notes. The circumstances and conditions under which the endorsement was made may be a matter of evidence at the trial.

The facts are stated in the opinion.

*Mr. José Tous Soto* for the appellant.

*Mr. Carlos Franco Soto* for the appellees.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On January 23, 1917, plaintiffs Sanders, Philippi & Company filed an amended complaint in the District Court of Aguadilla against Ignacia Delgado y González in an action of debt, setting up the following facts in support of the action:

That defendant Ignacia Delgado, on January 29 and

June 30, 1915, respectively, made two promissory notes payable to the order of P. Vilella & Sons, the former for $3,100 payable December 31, 1915, and the latter for $1,964.20 payable January 31, 1916. Both notes are copied into the complaint.

That the two notes amount to $5,064.20, of which the defendant had paid only $675.98, leaving, therefore, a balance of $4,388.22.

That P. Vilella & Sons endorsed the two notes to the plaintiffs who were the holders and therefore the owners of the said sum of $4,388.22.

That neither the defendant nor any other person in her name had paid wholly or in part the amount of the debt notwithstanding the many friendly demands made.

The complaint prays for judgment that plaintiffs recover from the defendant the sum of $4,388.22, with interest, costs, disbursements and attorney fees.

The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action and the demurrer was overruled on January 14, 1919. An answer was then filed, admitting some facts, denying others and setting up new matter, and the case was brought to trial. Judgment was entered on July 15, 1918, that the plaintiffs have and recover from the defendant the sum of $4,388.22, with interest at the legal rate from the date of the filing of the complaint, together with the costs, disbursements and attorney fees.

From that judgment the defendant appealed to this court, setting up as the only ground of the appeal that the District Court of Aguadilla erred in not sustaining the general demurrer to the complaint, alleging thereunder that only commercial notes are negotiable by endorsement and that the notes copied into the complaint are not of that character because they do not show that they arose from commercial transactions; and that even supposing that they were negotiable by endorsement, the allegation that P. Vilella & Sons

endorsed the said promissory notes to the plaintiffs is a conclusion of law which does not inform the defendant of the date, place, cause and conditions of the endorsement.

It has been established by this court that promissory notes payable to order are presumed to be commercial paper arising from mercantile transactions unless the contrary is shown. *Hernández* v. *Muñiz,* 10 P. R. R. 16; *Rosaly* v. *Alvarado,* 17 P. R. R. 100; *Vázquez* v. *Laíno,* 23 P. R. R. 218; *Román* v. *Martínez,* 25 P. R. R. 610. That presumption is *prima facie* sustained by the allegations of the complaint.

As the endorsement is the act whereby the ownership of a bill of exchange and other obligations payable to order is transferred, we understand that the allegation that the promissory notes were endorsed to the plaintiffs is not a conclusion of law but the assertion of an act which determines the right of the plaintiffs to collect the promissory notes. The circumstances and conditions under which the endorsement was made might have been a matter of evidence at the trial.

The judgment must be

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.